Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JESÚS HARRISON SOBERAL<br><br>Recurrida<br><br>v.<br><br>SNC TECHNICAL SERVICES<br><br>Peticionarios | KLCE202400225 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso número: CM2022CV00572<br><br>Sobre: DESPIDO INJUSTIFICADO, REPRESALIAS, LEY NÚM. 2 SOBRE PROCESO SUMARIO (32 LPRA §3118) |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de abril de 2024.

Comparece ante *nos*, SNC Technical Services, LLC. (peticionaria) y nos solicita que revisemos la *Resolución* emitida el 9 de febrero de 2024 y notificada el 12 de febrero de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Camuy. Mediante dicho dictamen, el TPI denegó la solicitud de sentencia sumaria que presentó la parte peticionaria.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, *denegamos* el auto de *certiorari*, por los fundamentos que exponemos a continuación.

**I.**

El 26 de octubre de 2022, Jesus Harrison Soberal (recurrido) presentó una *Querella* sobre despido injustificado y represalias en contra de la parte peticionaria. Dicha reclamación se presentó al amparo del procedimiento sumario laboral de la Ley Núm. 2 del 17 de octubre de 1961 (32 LPRA sec. 3118 *et seq.*) también conocida

Número Identificador

RES2024 _____

como *Ley de Procedimiento Sumario de Reclamaciones Laborales* (Ley Núm. 2). A grandes rasgos, alegó que fue despedido ilegal e injustificadamente. Acentuó que la parte peticionaria le informó que su despido obedecía a que se eliminó su puesto. Sostuvo que no fue por razones disciplinarias o de desempeño y que no se le explicó porque se eliminó su plaza. Indicó, además, que el despido se efectuó poco después de dar varias quejas sobre situaciones internas.

Consecuentemente, el 16 de noviembre de 2022, la parte peticionaria compareció mediante una *Contestación a Querella.* En ajustada síntesis, negó las alegaciones de la *Querella.* Esbozó que el recurrido fue despedido como consecuencia de que su puesto fuera eliminado y por justa causa. Además, negó que se hayan tomado represalias en contra del recurrido luego de que este hubiera presentado quejas.

Luego de varios incidentes procesales, el 21 de septiembre de 2023, la parte peticionaria presentó una *Solicitud de Sentencia Sumaria.* En esta, solicitó que se dictase sentencia sumaria por no existir hechos materiales en controversia. Adujo que el recurrido no cuenta con una causa de acción que amerite un remedio y que conlleve la celebración de un juicio en su fondo.

En respuesta, el 4 de enero de 2024, el recurrido presentó una *Oposición a Moción de Sentencia Sumaria.* En la misma, planteó que no procedía dictar sentencia sumaria porque existían hechos materiales en controversia. Explicó que presuntamente fue despedido por razones de economía, sin embargo, el puesto y las funciones continuaron siendo ejercidas por otro empleado. Así las cosas, el 24 de enero de 2024, la parte peticionaria presentó una *Réplica a Oposición a Sentencia Sumaria.*

El 9 de febrero de 2024, el TPI emitió una *Resolución,* notificada el 12 de febrero de 2024, mediante la cual declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria* que presentó la parte peticionaria. Mediante dicho dictamen, el TPI resolvió que no procedía dictar sentencia sumaria porque existían hechos materiales en controversia. Específicamente, el TPI razonó que existían controversias de hecho en cuanto a si el despido del recurrido estuvo justificado por la reducción de contratos y producción y en cuanto a la reclamación por represalias.

En desacuerdo, el 22 de febrero de 2024, la parte peticionaria compareció ante *nos* mediante una *Petición de Certiorari* y alegó la comisión de los siguientes errores:

PRIMER SEÑALAMIENTO DE ERROR

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL APLICAR EL ESTÁNDAR DE REVISIÓN INCORRECTO E IGNORAR QUE LOS REQUISITOS ESBOZADOS EN EL CASO DE SLG ZAPATA-RIVERA V. JF MONTALVO, 189 D.P.R. 414 (2013), HAN SIDO ACLARADOS EN EL CASO DE SEGARRA V. INT'L SHIPPING, 208 D.P.R. 964 (2022).**

SEGUNDO SEÑALAMIENTO DE ERROR

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO CONSIDERAR QUE LA LEY NÚM. 115-1991 LE EXIGE AL QUERELLANTE PROBAR VIOLACIONES A LA LEY MEDIANTE UN CASO PRIMA FACIE DE VIOLACIÓN A LA LEY PROBANDO QUE PARTICIPÓ EN UNA ACTIVIDAD PROTEGIDA POR EL ESTATUTO Y QUE FUE SUBSIGUIENTEMENTE DESPEDIDO Y POR TANTO HABER DESESTIMADO LA RECLAMACIÓN DE REPRESALIAS.**

TERCER SEÑALAMIENTO DE ERROR

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO CONSIGNAR LOS HECHOS MATERIALES SOBRE LOS CUALES ENTIENDE QUE EXISTE CONTROVERSIA Y LAS RAZONES PARA ELLO.**

Examinado el recurso ante nuestra consideración, el 29 de febrero de 2024, emitimos una *Resolución* concediéndole un término de veinte (20) días a la parte recurrida para que presentara su posición al recurso. El 4 de abril de 2024, la parte recurrida presentó

el *Alegato en Oposición a Petición de Certiorari.* Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Certiorari**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* 2023 TSPR 65, 212 DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Banco Popular v. Gómez Alayón y otros,* 2023 TSPR 145, 213 DPR __ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra*. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).  Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Banco Popular v. Gómez Alayón y otros, supra*. Véase, además,

*Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**B. Procedimiento Sumario bajo la Ley Núm. 2-1961**

La Ley Núm. 2-1961, *supra*, establece un procedimiento sumario para considerar y adjudicar de manera rápida las querellas que presentan empleados u obreros contra sus patronos. Sección 1 de la Ley Núm. 2-1961 (32 LPRA, sec. 3118). Véase, además, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 731-732 (2016)

citando a *Rivera v. Insular Wire Products Corp.,* 140 DPR 912, 923 (1996).

La característica esencial del procedimiento al amparo de la Ley Núm. 2-1961, *supra,* es su naturaleza sumaria. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Por lo tanto, los tribunales tienen la obligación de exigir diligencia y prontitud en la tramitación de las reclamaciones bajo esta ley. *Vizcarrondo Morales v. MVM,* Inc., 174 DPR 921 (2008). Sobre el particular, nuestro más alto Foro dispuso que:

> Tanto los tribunales como las partes deben respetar: (1) los términos relativamente cortos dispuestos en el estatuto para contestar la querella; (2) los criterios estrictos para conceder una prórroga para contestar la querella; (3) el mecanismo especial que flexibiliza el emplazamiento del patrono, y (4) entre otras particularidades provistas por la ley, las limitaciones en el uso de los mecanismos de descubrimiento de prueba. De no hacerlo, el procedimiento se convertiría en ordinario, lo cual sería incompatible tanto con el mandato legislativo de diligencia en el dictamen judicial, como con su carácter reparador. *Medina Nazario v. McNeil Healthcare LLC., supra.*

Como es sabido, la Ley Núm. 2-1961, *supra,* dispone de términos más cortos que los provistos para procedimientos ordinarios. A modo de ejemplo, el patrono, una vez se le notifica mediante copia de la querella en su contra[1], deberá presentar su contestación por escrito dentro de los diez (10) días siguientes a la notificación. Sección 3 de la Ley Núm. 2-1961 (32 LPRA sec. 3120). Tanto es así que, en *Vizcarrondo Morales v. MVM, Inc., supra,* el Tribunal Supremo dispuso que un tribunal no tiene discreción para negarse a anotar la rebeldía a un patrono, pasado el término para que conteste la querella sin que ello ocurra y sin que haya solicitado prórroga. Íd., págs. 921–926. Así, "[E]l tribunal sólo tiene la jurisdicción para anotar la rebeldía y dictar sentencia [;] [e]n estos casos, el tribunal no puede ignorar la letra clara de la [Ley 2]". Íd.

---

[1] Esto es así si la notificación se hace dentro del mismo distrito judicial, de otro modo el término es de quince (15) días.

Asimismo, cualquier parte afectada por la sentencia *final* que, en su día, dicte el tribunal, tendrá un término jurisdiccional de diez (10) días -siguientes a la notificación- para acudir mediante *certiorari* ante este Tribunal y solicitar la revisión de los procedimientos. Sección 4 de la Ley Núm. 2-1961 (32 LPRA sec. 3121). Para acudir ante el Tribunal Supremo, tendrá veinte (20) días). Íd.

Por otro lado, en *Dávila v. Antilles Shipping, Inc.*, 147 DPR 283, 497 (1999), nuestro Foro Máximo aclaró que las resoluciones interlocutorias que emita el TPI no son revisables por este Tribunal. **Lo anterior, con excepción de aquellos casos en que: (1) la resolución interlocutoria haya sido dictada por el tribunal de instancia de forma *ultra vires*, sin jurisdicción; (2) la revisión inmediata, en dicha etapa, disponga del caso en forma definitiva; o (3) cuando la revisión inmediata evite una grave injusticia. Solo en estos casos podrá este Tribunal ejercer su facultad de revisar una resolución interlocutoria vía *certiorari*.** (Énfasis nuestro). Íd. Véase, además, *Díaz Santiago v. PUCPR et al.*, 207 DPR 339 (2021); *Ortiz v. Holsum*, 190 DPR 511, 517 (2014).

Cónsono con la naturaleza sumaria de los procedimientos bajo la Ley Núm. 2-1961, *supra*, nuestro más alto Foro determinó que en estos casos la parte tendrá el término de diez (10) días para recurrir ante este Tribunal. *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 736. Si bien la Ley Núm. 2-1961, *supra*, no provee un término para solicitar revisión de una resolución interlocutoria, el Foro Máximo explicó que este debía ser análogo al término provisto para solicitar la revisión de una sentencia o resolución final del TPI, pues aplicar el término de treinta (30) días establecido por la Regla 52.2 de Procedimiento Civil (32 LPRA Ap. V), resultaría en un "absurdo procesal". Íd., pág. 735.

En atención al carácter sumario de la Ley Núm. 2-1961, *supra*, en *Medina Nazario v. McNeil Healthcare, supra,* el Tribunal Supremo también concluyó que la figura de la reconsideración interlocutoria es incompatible con el procedimiento provisto por la Ley Núm. 2-1961, *supra.* Lo anterior, debido a que "se daría la anomalía de proveer a las partes un término mayor para solicitar reconsideración que el provisto por la [Ley 2], *supra,* para la revisión de determinaciones finales". Íd.

Recientemente, el Tribunal Supremo reiteró que "en un procedimiento sumario laboral provisto por la [Ley 2] no está permitido solicitar reconsideración de determinaciones judiciales, ya sean éstas interlocutorias o finales". *León Torres v. Rivera Lebrón,* 204 DPR 20, 32-33 (2020). Concluyó, además, que la presentación de una moción de reconsideración es incompatible con el procedimiento sumario laboral que provee la Ley Núm. 2-1961, *supra. Patiño Chirino v. Parador Villa Antonio,* 196 DPR 439, 450 (2016).

Así pues, corresponde a los tribunales asegurar la estricta observancia del proceso sumario provisto por la Ley Núm. 2-1961, *supra*; por lo cual, también, les está vedado conceder prorrogas que no se ajusten al mandato legislativo. *León Torres v. Rivera Lebrón, supra.*

### III.

En el caso ante nuestra consideración, la parte recurrida presentó una *Querella* al amparo del procedimiento sumario establecido en la Ley de Procedimiento Sumario de Reclamaciones Laborales. Mediante su *Petición de Certiorari*, la parte peticionaria nos solicita que revisemos una *Resolución* interlocutoria que emitió el TPI, mediante la cual declaró *No Ha Lugar* su *Solicitud de Sentencia Sumaria* por existir hechos materiales en controversia.

Según el derecho que antecede, específicamente, según lo resuelto por nuestro máximo Foro en *Dávila Rivera v. Antilles Shipping, Inc.*, *supra*, la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral y no son revisables por este Tribunal, salvo contadas excepciones. Además, cabe destacar que en el presente caso no está presente ninguna excepción a la referida norma jurisprudencial. Entiéndase, la resolución interlocutoria no fue dictada sin jurisdicción, nuestra intervención no dispondría de manera definitiva del asunto y el dictamen recurrido no constituye una grave injusticia que amerite nuestra intervención en esta etapa de los procedimientos. *Díaz Santiago v. PUCPR et al.*, *supra*.

Así pues, ante la clara ausencia de alguna de las excepciones a la norma jurisprudencial antes reseñada, procede que nos abstengamos de intervenir en la revisión de la *Resolución* interlocutoria emitida por el TPI el 9 de febrero de 2024 y notificada el 12 de febrero de 2024.

**IV.**

Por los fundamentos antes expuestos, *denegamos* el auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Alvarez Esnard concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones